IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DEAN MICHAEL DAVIS,<br>    ID # 1400199,<br>        Petitioner,<br>vs.<br><br>RICK THALER, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | No. 3:12-CV-0109-M (BH) |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge for plain error, I am of the opinion that the Findings and Conclusions of the Magistrate Judge are correct[1] and they are accepted as the Findings and Conclusions of the Court.

For the reasons stated in the Findings, Conclusions, and Recommendation of the United States Magistrate Judge, the Court hereby **DENIES** with prejudice the petitioner's petition for habeas corpus with respect to his conviction in Cause No. F06-64908 and **DISMISSES** for lack of subject matter jurisdiction the petition for habeas corpus with respect to his conviction in Cause No. F06-64909.

In accordance with Fed. R. App. P. 22(b) and 28 U.S.C. § 2253(c) and after considering the record in this case and the recommendation of the Magistrate Judge, the Court **DENIES** petitioner a Certificate of Appealability. The Court adopts and incorporates by reference the Magistrate

---

[1]The Court makes two non-substantive corrections. At page 8, line 8, the date is December 16, 2011, not 2012. At page 15, line 15, the words "was called" should be "occurred".

Judge's Findings, Conclusions and Recommendation filed in this case in support of its finding that the petitioner has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).[2]

In the event that petitioner files a notice of appeal, he is informed that he must pay the $455.00 appellate filing fee or submit a motion to proceed *in forma pauperis* that is accompanied by a properly signed certificate of inmate trust account.

**SIGNED this 13th day of February, 2013.**

_____
BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS

---

[2] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases, as amended effective on December 1, 2009, reads as follows:
  **(a) Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
  **(b) Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.